UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Makusha Gozo, | Case No. 24-CV-1389 (KMM/ECW) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION |
| DHS, City of Willmar, Kandiyohi County, State of Minnesota, and Secretary Mayorkas, | |
| Defendants. | |

This matter is before the Court on Plaintiff Makusha Gozo's (1) 34 USC 30301 Complaint (Dkt. 1 ("Complaint")); (2) Motion to Proceed In Forma Pauperis (Dkt. 2 ("IFP Application")); (3) Motion to Amend Title 34 USC § 30301 Complaint (Dkt. 3 ("Motion to Amend")); (4) "Motion to proceed in forma pauperis" (Dkt. 4 ("Second IFP Application")); and (5) Amended Title 34 USC § 30301 Complaint (Dkt. 6 ("Second Amended Complaint")). For the following reasons, the Court orders that the Second Amended Complaint is this action's operative pleading, recommends dismissing that pleading in its entirety, and recommends denying the IFP Application and Second IFP Application as moot.

## I.   BACKGROUND

### A.   Procedural History

This case commenced on April 17, 2024, when the Court received the Complaint and IFP Application. (*See* Docket.) When Gozo filed the Complaint, authorities with U.S. Immigration and Customs Enforcement ("ICE") were detaining him in the Kandiyohi County Jail ("KCJ") in Willmar, Minnesota. (*See, e.g.*, Dkt. 1-2 at 1 (comprising envelope showing Gozo's then-current location and status).[1])

The Complaint names five defendants: (1) "DHS," which the Court construes as referring to the U.S. Department of Homeland Security; (2) the City of Willmar, Minnesota; (3) Kandiyohi County; (4) the State of Minnesota; and (5) "Secretary Mayorkas," which presumably refers to Alejandro Mayorkas, the current U.S. Secretary of Homeland Security. (Compl. 1.) The Complaint's thrust concerns an altercation on April 14, 2024, between Gozo and a "Mr. Vanden Einde," who appears to be a KCJ corrections officer. (*Id.* at 2.[2])

On April 24, 2024, the Court received the Motion to Amend and the Second IFP Application. (*See* Docket.) The Motion to Amend seeks to amend the original Complaint—and while titled a "Motion to Amend," the document seems to consist of the desired new complaint itself. (*See generally* Mot to Amend. 1-10.) Two days later, the

---

[1]   Citations to filed materials use the CM/ECF pagination.

[2]   Because Gozo's Amended Complaint will be this action's operative pleading after the discussion below, the Court will not spend more time discussing the original Complaint's allegations.

2

Court received the Second Amended Complaint. (*See* Dkt. 6.) This document closely resembles the Motion to Amend, but has at least a couple of minor differences. (*Compare* Mot. to Amend 1, 6, *with* Second Am. Compl. 1, 6 (showing differences in document title and in Paragraph 11).) The Court therefore construes the Second Amended Complaint as a second motion to amend the Complaint. The Second Amended Complaint also adds two new defendants: Eric Tollefson, Kandiyohi County's sheriff; and Tim Walz, Minnesota's governor. (*See* Second Am. Compl. 1.[3])

**B.    Second Amended Complaint (Dkt. 6)**

Gozo alleges that on April 14, 2024, he received certain "pharmacy products" at the KCJ's housing unit, then stopped at an officer's station to speak with a corrections officer about certain other litigation Gozo had filed. (*See* Second Am. Compl. 3.) Gozo states that during this discussion, Vanden Einde interrupted the discussion by "threatening [Gozo] to stop his litigation against the Defendants."[4] After Gozo ended his discussion with the other officer, Vanden Einde allegedly "violently grabbed [Gozo's] back and forcibly pushed him toward his room," during which he "reached below

---

[3]    Gozo does not name Vanden Einde as a defendant.

[4]    For what it is worth, the Court understands "Defendants" here to mean the defendants in some other case of Gozo's, not this action's defendants. That other piece of litigation apparently concerned food-related issues, as Gozo refers to the relevant documents needing to go to the KCJ's "food service administrator." (*See* Second Am. Compl. 3.) Given this topic, it appears that other litigation here is *Gozo v. Skillet Inc.*, No. 24-CV-1193 (PAM/JFD) (D. Minn.). Several of the two actions' defendants—but not all of them—overlap. *See, e.g., Gozo v. Skillet Inc.*, No. 24-CV-1193 (PAM/JFD), 2024 WL 2131665, at *3 (D. Minn. May 13, 2024) (discussing roster of that action's defendants after Gozo's amendment of that action's original complaint).

3

[Gozo's] waist to make physical contact with [Gozo]." (*Id.*) Gozo alleges that he then yelled at Vanden Einde, at which point Vanden Einde "responded . . . by calling [Gozo] various racial epithets." (*Id.* at 4.)

Gozo states that after this interaction, he opened his cell door "to ask for medical attention," but Vanden Einde told him "to shut his door and denied [Gozo] all legal recourse." (*Id.*) Gozo also contends that Vanden Einde had "had no lawful reason to get up from his desk and leave his assigned post in order to pursue [Gozo] as he did." (*Id.*)

Gozo reports that because of a "malfunctioning phone system," he was unable to call DHS's Office of the Inspector General, and that unspecified officials "denied" him "envelopes to mail his complaint to the OIG." (*Id.*) As a result, he says, he could not exhaust his administrative remedies and report "Defendants' criminal torts." (*Id.*)

The Second Amended Complaint's "Argument" section contains various "[p]oints." "Point one" asserts that several of the Defendants are liable to Gozo based on "vicarious liability under the doctrine of [r]espondeat [s]uperior," ostensibly because they "permitted the licensure, registration and operations of the remaining Defendants and provided the auspices of their criminal torts." (*Id.* at 5.) Gozo also generically asserts that one could construe his case like "other vicarious liability cases [where] there is negligent hiring, followed by negligent retention and then followed by negligent supervision." (*Id.*)

In "Point two," Gozo discusses various legal standards involved in assessing excessive-force cases. (*See id.* at 6-7.) By and large, the gist of this discussion is to

4

assert that Vanden Einde's treatment of Gozo violated his rights under the U.S. Constitution's Eighth Amendment. (*See id.* at 6-8.)

As far as this Court can discern, Gozo purports to bring claims under (1) "Minn. Stat. § 541.073 et seq." (he describes this as covering "personal injury based on sexual assault"); (2) 34 U.S.C. § 30301; (3) 42 U.S.C. §§ 1985-86; (4) 18 U.S.C. §§ 241-42; (5) the Eighth and Fourteenth Amendments to the U.S. Constitution; and (6) 42 U.S.C. § 1997 et seq. (*See id.* at 2-3, 5.) For relief, Gozo asks for $18 million, which includes $1 million in "[a]ttorney fees" and $4 million in punitive damages. (*Id.* at 10.[5])

## II.   ANALYSIS

### A.   Operative Pleading

The Court will first isolate this action's operative complaint. Neither of Gozo's attempts to amend the original Complaint fully comply with this District's rules for litigants who seek to amend their complaints. *See* D. Minn. LR 15.1(b). Under the Federal Rules of Civil Procedure, however, a district court should permit a first amendment "as a matter of course"; after that, it should generally "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a). The Court therefore grants the implicit motion to amend reflected by the Second Amended Complaint; that pleading at Docket Entry 6 will be this action's operative pleading. Given this determination, the

---

[5]   On May 7, 2024, the Court received notice from Gozo that he had a new address in Texas. (*See* Dkt. 7 at 1.) This new address suggests that Gozo is no longer in federal custody. Because the Second Amended Complaint does not request injunctive relief, this move does not appear to moot any portion of this case. *Cf. Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (affirming district-court judgment dismissing injunctive-relief requests following prisoner-litigant's release).

Court denies as moot the Motion to Amend itself—the Second Amended Complaint supersedes whatever amendment that filing proposed.[6]

**B.    Standards of Review**

The IFP applications submitted by Gozo suggest that as a financial matter, he qualifies for IFP status.  But under the federal statute governing IFP proceedings, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To decide if a complaint states a claim for which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Varga v. U.S. Bank Nat. Ass'n*, 764 F.3d 833, 836 (8th Cir. 2014) (citing *Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014)).  While a complaint's factual allegations need not be detailed, they must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities).  A complaint must "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[6]    Going forward, the Court expects Gozo to comply with all applicable procedural rules, including the Federal Rules of Civil Procedure and the Local Rules for this District. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives." (citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam)).  As copy of the Local Rules can be found at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders.

(quoting *Twombly*, 550 U.S. at 570).  A district court's consideration of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense."  *Id.* at 679; *see also, e.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (making same points (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014)) (cleaned up)).  Courts should construe *pro se* complaints like Gozo's "'liberally,'" but such pleadings must still allege enough facts to support the claims advanced.  *Sandknop v. Mo. Dep't of Corr.*, 932 F.3d 739, 741-42 (8th Cir. 2019) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

In addition to the standards imposed under 28 U.S.C. § 1915(e)(2), Rule 12(h)(3) of the Federal Rules of Civil Procedure states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction [over an action], the court must dismiss [it]."  *Cf. Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (noting that "courts must enforce jurisdictional rules *sua sponte*" (citing *Hamer v. Neighborhood Servs. of Chicago*, 583 U.S. 17, 20 (2017))).

**C.    Claims Against Federal Defendants**

The Court will first address the Second Amended Complaint's claims against two federal defendants—i.e., DHS and Secretary Mayorkas.  The Court lacks jurisdiction over these claims.

As the U.S. Supreme Court has explained, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citing authorities); *see also, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *Mitchell*).  To be sure, one

7

defendant here is a federal agency—DHS—rather than the United States itself, but the *Mitchell* rule also applies to federal agencies. *See, e.g.*, *Meyer*, 510 U.S. at 475; *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (citing *Meyer*). And a plaintiff has the burden of showing that some sort of waiver or other sovereign-immunity exception applies. *See, e.g.*, *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing cases); *Kogan v. Peake*, No. 08-CV-0016 (ADM/JJK), 2009 WL 1097915, at *3 (D. Minn. Apr. 23, 2009) (citing *V S Ltd. P'ship*). Nothing in the Second Amended Complaint suggests that the United States has consented to any of the claims that Gozo raises. The Court therefore recommends dismissing this action to the extent it presents claims against DHS.

As for the Complaint's claims against Mayorkas, Gozo fails to specify the capacity in which he means to sue Mayorkas (or, indeed, any of the individual defendants). (*See generally*, Second Am. Compl. 1-10 (containing no capacity designations).) Under Eighth Circuit precedent, this means that the Second Amended Complaint's claims against Mayorkas are against him only in his official capacity. *See, e.g.*, *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (citing *Johnson v. Outboard Marine Corp.*, 173 F.3d 531, 535 (8th Cir. 1999)); *Yaritz v. Internal Revenue Serv.*, No. 23-CV-0452 (PJS/LIB), 2023 WL 5321063, at *1 (D. Minn. Aug. 18, 2023) (citing *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018)). Official-capacity claims against a government official generally amount to claims against the official's employer. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing

*Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007)). Gozo's claims against Mayorkas thus amount to claims against the United States. Given the United States's sovereign immunity, the Court recommends dismissing the Second Amended Complaint's claims against Mayorkas.

**D.    Claims Against State Defendants**

Gozo's claims against the State of Minnesota and Governor Walz face a related problem: state sovereign immunity under the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The phrase used here is "another state," but caselaw establishes that the Eleventh Amendment also bars suits against a state by its own citizens. *See, e.g.*, *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) (citing cases); *Elder v. Gillespie*, 54 F.4th 1055, 1062 (8th Cir. 2022) (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)). Given the applicable Eleventh Amendment immunity available to the State of Minnesota, the Court recommends dismissing this action to the extent it tries to bring claims against the State of Minnesota.[7]

This leaves Governor Walz. As with Secretary Mayorkas, Gozo's failure to specify the capacity in which he means to sue Walz means that his claims against Walz

---

[7] There are exceptions to state sovereign immunity when a state consents to suit or the U.S. Congress abrogates the immunity. *See, e.g.*, *PennEast Pipeline Co., LLC v. New Jersey*, 594 U.S. 482, 499-500 (2021). But nothing in Gozo's filing suggests that any such exception applies here.

9

are all official-capacity claims. This in turn means that all Gozo's claims against Walz are functionally claims against the State of Minnesota, and the same Eleventh Amendment sovereign immunity that applies to Gozo's claims against the state also apply to the official-capacity claims seeking money damages against Walz. *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016). The Court therefore recommends dismissing this action to the extent it brings claims against Governor Walz.

### E. Claims Against Tollefson

After the discussions in Sections II.C and II.D, only three defendants remain: the City of Willmar, Kandiyohi County, and Eric Tollefson. But because the claims against Tollefson are official-capacity claims only, Gozo's claims against Tollefson amount to claims against Kandiyohi County itself. That entity is already a defendant here, so the Second Amended Complaint's claims against Tollefson are duplicative and the Court recommends dismissing them. *See, e.g.*, *King v. City of Crestwood*, 899 F.3d 643, 650 (8th Cir. 2018) ("[A] suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named.") (citing *Veatch*, 627 F.3d at 1257); *Ng v. Bd. of Regents of Univ. of Minn*, No. 21-CV-2404 (SRN/BRT), 2022 WL 602224, at *7 n.1 (D. Minn. Mar. 1, 2022) (quoting *King*, *supra*), *aff'd*, 64 F.4th 992 (8th Cir. 2023).

### F. Claims Under 34 U.S.C. § 30301

Gozo purports to bring claims based on violations of 34 U.S.C. § 30301. (*See* Second Am. Compl. 2.) Section 30301 is the simply the "findings" section of the Prison Rape Elimination Act of 2003 ("PREA"), Pub. L. No. 108-79, 117 Stat. 972. Not only

10

does the plain text of § 30301 not contain any private right of action, but it is well established in the decisions within this District's that the PREA itself generally does not contain any private right of action either. *See, e.g.*, *Rodriguez v. Sherburne Cnty. Jail*, No. 22-CV-3663 (NEB/JFD), 2024 WL 1078177, at *3 (D. Minn. Feb. 7, 2024) (citing cases), *R. & R. adopted*, 2024 WL 1076556 (D. Minn. Mar. 12, 2024); *O'Laughlin v. FMC*, No. 20-CV-2641 (SRN/LIB), 2021 WL 2301958, at *1 (D. Minn. Feb. 1, 2021) (same), *R. & R. adopted*, 2021 WL 2134956 (D. Minn. May 26, 2021). The Court therefore recommends dismissing the Second Amended Complaint, for failure to state a claim, to the extent it tries to bring claims under the PREA.

**G.     Claims Under 42 U.S.C. §§ 1985 and 1986**

The Court next turns to the Second Amended Complaint's assertion of claims under 42 U.S.C. §§ 1985 and 1986. (*See* Second Am. Compl. 2.) Section 1985 creates a right of action for certain "conspirac[ies] to interfere with civil rights." Of its three subsections, the first two have nothing to do with the allegations in the Second Amended Complaint. Under § 1985(3), as relevant here,

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To allege a conspiracy under § 1985(3), a plaintiff must allege "(1) a conspiracy, (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and

11

(4) an injury to a person or property, or the deprivation of a legal right." *Federer v. Gephardt*, 363 F.3d 754, 757-58 (8th Cir. 2004) (quoting authorities (quotation marks removed)); *see also, e.g.*, *Ugorets v. City of Shorewood*, No. 21-CV-1446 (JRT/ECW), 2022 WL 45082, at *4 (D. Minn. Jan. 5, 2022) (citing *City of Omaha Emps. Benefit Ass'n v. Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). The Second Amended Complaint provides no allegations whatsoever suggesting any conspiracy among the remaining Defendants. The Court therefore recommends dismissing the Second Amended Complaint to the extent that it seeks to bring claims under 42 U.S.C. § 1985.

Section 1986 creates a right of action against "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed. . . ." 42 U.S.C. § 1986. As the wording of the statute indicates, to plead a § 1986 claim, a plaintiff must allege a valid § 1985 claim. *See, e.g.*, *Gatlin ex rel. Est. of Gatlin v. Green*, 362 F.3d 1089, 1095 (8th Cir. 2004) ("A section 1986 claim must be predicated upon a valid section 1985 claim." (citing *Jensen v. Henderson*, 315 F.3d 854, 863 (8th Cir. 2002) (footnote omitted)); *White v. City of Minneapolis*, No. 21-CV-0371 (WMW/KMM), 2021 WL 5964554, at *6 (D. Minn. Dec. 16, 2021) (same) (quoting *Gatlin*). Given Gozo's failure to plausibly allege any § 1985 claim, the Court recommends dismissing the Second Amended Complaint to the extent it seeks to bring any § 1986 claims.

**H.     Claims Under 18 U.S.C. §§ 241 and 242**

The Court next turns to Gozo's attempts to bring claims under 18 U.S.C. §§ 241 and 242.  These are both provisions of the federal *criminal* code: they create criminal penalties for individuals who interfere with others' civil rights.  The statutes themselves do not create a private right of action for litigants.  *See, e.g.*, *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241 . . . ." (citing cases)); *Logering v. Morrison Cnty. Sheriff's Dep't*, No. 23-CV-0177 (JWB/LIB), 2023 WL 3276515, at *5 (D. Minn. May 5, 2023) (making same point for §§ 241 and 242), *aff'd*, No. 23-2376, 2023 WL 8713781 (8th Cir. Dec. 18, 2023).  The Court therefore recommends dismissing these claims—and because there is no plausible way for Gozo to fix this problem, the Court recommends dismissing these claims with prejudice.[8]

**I.     Claims Under Eighth and Fourteenth Amendments**

Gozo also seeks to bring claims under the Eighth and Fourteenth Amendments to the U.S. Constitution.  As a preliminary matter, the Court construes Gozo as bringing these claims under 42 U.S.C. § 1983.  *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("[A] litigant complaining of a violation of a

---

[8]     Though the Second Amended Complaint is somewhat confusing here, it appears that Gozo's view is that he can bring claims under the Administrative Procedures Act by using 18 U.S.C. §§ 241 and 242.  *See* Second Am. Compl. 2.  He cites here *Bottoms Farm Partnership v. Perdue*, 895 F.3d 1070, 1073 (8th Cir. 2017).  But the cited portion of *Bottoms* concerns when a court can review an administrative-agency decision, and has nothing to do with §§ 241 and 242.  Nor does the Administrative Procedures Act have any bearing on the conduct discussed in the Second Amended Complaint.

constitutional right must utilize 42 U.S.C. § 1983." (citing cases)); *Johnson v. Reed*, No. 23-CV-2130 (PJS/DTS), 2023 WL 7388389, at *5 (D. Minn. Nov. 8, 2023) (quoting *Azul-Pacifico*).

As discussed before, the only claims raised by the Second Amended Complaint are official-capacity claims, which amount to claims against the City of Willmar and Kandiyohi County themselves. "[U]nder § 1983, local governments are responsible only for 'their own illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see also, e.g.*, *Aldridge v. City of St. Louis*, 75 F.4th 895, 901 (8th Cir. 2023) (quoting *Connick*). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60–61 (quoting *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)); *Edwards v. City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (making same point).

Numerous cases discuss the standards that plaintiffs must meet to properly allege such policy or custom claims. *See, e.g.*, *Brewington v. Keener*, 902 F.3d 796, 801-02 (8th Cir. 2018) (discussing standards); *Mick*, 883 F.3d at 1079-80 (same). The Court need not delve deep into these cases, however, because the Second Amended Complaint has no allegations that approach what is needed here. Gozo's assertions focus on the conduct of one officer and provide no support for the view that the officer's conduct reflected any

problematic policy or custom of either the City of Willmar or Kandiyohi County. The Court therefore recommends dismissing Gozo's constitutional claims against these defendants without prejudice for failure to state a claim.

### J.     Claims Under 42 U.S.C. § 1997d

At certain points in the Second Amended Complaint, Gozo suggests that he is pressing claims under 42 U.S.C. § 1997d, which provides that "[n]o person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting." (*See* Second Am. Compl. 3, 8.) Here again, however, Gozo is trying to rely on a statute that does not provide a private right of action. *See, e.g.*, *Pope v. Bernard*, No. 10-1443, 2011 WL 478055, at *1 (1st Cir. Feb. 10, 2011) (citing cases); *Martin v. Upchurch*, 67 F.3d 307, 307 n.3 (9th Cir. 1995) (table decision) (citing *Price v. Brittain*, 874 F.2d 252, 264 (5th Cir. 1989)). The Court therefore recommends dismissing any § 1997d claims in this action with prejudice.

### K.     Remaining State Law Claims

After the above discussion, what remains are Gozo's state law claims under Minnesota law. Because this Court recommends dismissal of all of Gozo's federal law claims, a question of so-called supplemental jurisdiction arises. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." On the other hand, § 1367(c)(3) specifies that a district court

"may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."

The U.S. Court of Appeals for the Eighth Circuit discussed this issue in more detail in *Wilson v. Miller*:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. **[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.**

821 F.3d 963, 970-71 (8th Cir. 2016) (emphasis added; citations and internal quotation marks omitted); *see also, e.g.*, *Aldridge v. City of St. Louis*, 75 F.4th 895, 901 (8th Cir. 2023) (quoting *Wilson*).

Given *Miller*'s straightforward guidance, the Court recommends declining to exercise supplemental jurisdiction over Gozo's purported state-law claims. The Court thus recommends dismissing those claims without prejudice for lack of jurisdiction.

**L.      Remaining Motions**

Under the discussion above, the Court recommends dismissal of the Second Amended Complaint in its entirety. Given this outcome, the Court also recommends denying as moot the IFP Application and Second IFP Application.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT** the implicit motion to amend reflected in Plaintiff Makusha

Gozo's Amended Title 34 USC § 30301 Complaint (Dkt. 6 ("Second Amended Complaint")) is **GRANTED**, and the Motion to Amend Title 34 USC § 30301 Complaint (Dkt. 3) is **DENIED** as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. The Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction, to the extent it seeks to bring claims against Defendants DHS, "Secretary Mayorkas," the State of Minnesota and "Governor Walz";

2. The Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE**, as duplicative, to the extent it seeks to bring claims against Defendant Eric Tollefson in his official capacity;

3. The Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE**, for failure to state a claim, to the extent it seeks to bring claims under (1)) 42 U.S.C. §§ 1985 and 1986; and (2) the U.S. Constitution's Eighth and Fourteenth Amendments;

4. The Second Amended Complaint be **DISMISSED WITH PREJUDICE**, for failure to state a claim, to the extent it seeks to bring claims under 18 U.S.C. §§ 241 and 242; 42 U.S.C. § 1997d; and 34 U.S.C. § 30301;

5. The Second Amended Complaint's remaining state-law claims be **DISMISSED WITHOUT PREJUDICE**; and

6. The IFP Application (Dkt. 2) and Second IFP Application (Dkt. 4) be **DENIED AS MOOT**.

Dated: May 31, 2024

s/ *Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

# **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).